STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

FILED

April 6, 2015
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**ROBERT G. COLLINS,**
**Claimant Below, Petitioner**

**vs.)    No. 13-1290** (BOR Appeal No. 2048455)
            (Claim No. 2012022242)

**HUNTINGTON ALLOYS CORPORATION,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Robert G. Collins, by Edwin H. Pancake, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Huntington Alloys Corporation, by Steven K. Wellman, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated November 22, 2013, in which the Board affirmed a May 13, 2013, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's January 30, 2012, decisions to reject the claim and deny medical authorization for arthroscopic medial meniscus repair. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Collins, an employee at Huntington Alloys Corporation, allegedly injured his right knee on December 27, 2011. Mr. Collins asserted that he was bending down to perform a task and his right knee started to hurt. Mr. Collins filed for workers' compensation benefits for the December 27, 2011, injury. The claims administrator found on January 30, 2012, that the injury sustained, was not received in the course of and as a result of Mr. Collins's employment. The claims administrator also denied Mr. Collins's request for right knee arthroscopic medial

1

meniscus repair because there was no compensable injury. Mr. Collins protested. Mr. Collins submitted the report of Allen Young, M.D. Dr. Young opined that Mr. Collins obviously had an isolated event that caused his symptoms. Dr. Young further noted that Mr. Collins had no knee problems prior to the injury. As a result, Dr. Young was of the impression that Mr. Collins's injury should be covered under workers' compensation. Huntington Alloys Corporation submitted an independent medical examination performed by Prasadarao Mukkamala, M.D. Dr. Mukkamala opined that Mr. Collins's injury was the result of the degenerative changes in his knee. Dr. Mukkamala noted that simply bending should not cause a ligament tear injury. Mr. Collins, in the Report of Occupational Injury, stated that the injury occurred when he was squatting down with the left foot on a board in a tight area. The Special Metals H19 Report for Occupational Injuries or Illnesses stated that a sprain of the right knee and leg occurred on December 27, 2011, while Mr. Collins was stepping on uneven ground, bent down on the left knee with the right foot in a wedge, and felt pain in the right lower leg that extended into the knee and right groin. The reports from St. Mary's Medical Center dated January 11, 2012, included a triage record stated that the illness was swelling in the right knee and pain from the right patella to the right hip, with no apparent injury. The physician report stated a chief complaint of an injury to the right knee on December 27, 2011, when Mr. Collins squatted down at work and felt a sharp pain in the inner knee which radiated up to the hip. Mr. Collins testified on May 30, 2012, that on December 27, 2011, he squatted down to check a tag, he twisted and got out of balance, and fell, landing on his right knee.

The Office of Judges determined that Mr. Collins injury was not received in the course of and as a result of his employment with Huntington Alloys Corporation. The Office of Judges concluded that there were too many discrepancies in Mr. Collins's description of the injury and the reporting of the injury to form a basis of compensability. Further, the Office of Judges noted that while Mr. Collins may have felt right knee pain at work, it does not mean that the occurrence was a result of his employment. Since there was no particular work condition that precipitated Mr. Collins's injury, even if his story were to be adopted, it would not form a basis of compensability. The Office of Judges also found that Dr. Mukkamala's report demonstrated that it was more likely than not that the degenerative changes in Mr. Collins's knee caused the meniscus tear as opposed to any compensable cause. As a result, the Office of Judges also denied the request for arthroscopic repair of the knee. The Board of Review adopted the findings of the Office of Judges and affirmed its Order.

We agree with the findings of the Office of Judges and conclusions of the Board of Review. Mr. Collins has not shown that his injury was the result of his employment with Huntington Alloys Corporation. Even if Mr. Collins's rendition of the injury was given credence, it would still result in a finding of no compensability because his injury was not the result of his employment. Mr. Collins did injure his leg at work. However, it was most likely due to the degenerative changes in the knee and not because of any fortuitous event. Dr. Mukkamala opined that the mechanism of injury does not support a medial meniscus tear. The only movement Mr. Collins experienced was bending down to check something. Without the presence of degenerative changes, simply bending should not cause a medial meniscus tear. Since the right knee injury is not compensable, the arthroscopic medial meniscus repair related to it was properly denied.

2

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:   April 6, 2015**

**CONCURRED IN BY:**
Chief Justice Margaret L. Workman
Justice Robin J. Davis
Justice Allen H. Loughry II

**DISSENTING:**
Justice Brent D. Benjamin
Justice Menis E. Ketchum